IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| UNITED STATES OF AMERICA | : | CRIMINAL NO.: 9:10cr817 |
|---|---|---|
|  | : | 18 U.S.C. § 1349 |
| vs. | : |  |
|  | : |  |
| BLAIR WITKOWSKI | : |  |

**INFORMATION**

**COUNT 1**
(Conspiracy to Commit Bank Fraud)

THE UNITED STATES ATTORNEY CHARGES:

At all times relevant to this Information:

1. **BLAIR WITKOWSKI** was a mortgage loan officer at Carolina First Bank (herein Carolina First) in Hilton Head, S.C.

2. Carolina First was a financial institution whose deposits were insured by the Federal Deposit Insurance Corporation.

3. From in or about 2005 through 2008, in the District of South Carolina and elsewhere, **WITKOWSKI** knowingly and willfully did combine, conspire, confederate, and agree together and with other persons, known and unknown to the United States Attorney, knowingly and with intent to defraud, to execute and attempt to execute a scheme and artifice to defraud Carolina First and other financial institutions and to obtain money and property owned by Carolina First and other financial institutions

1

by means of false and fraudulent pretenses, representations and promises in violation of Title 18, United States Code, Section 1344.

## MANNER AND MEANS OF THE CONSPIRACY

4. It was part of the conspiracy that the defendant did and caused to be done the following:

5. **WITKOWSKI** overstated the income, employment, and assets of borrowers on residential loan applications in order to deceive Carolina First into issuing mortgages for the purchase of residential housing.

6. **WITKOWSKI** manufactured fraudulent tax returns that inflated the monthly income of borrowers, and he submitted the fraudulent tax returns in loan applications in order to deceive Carolina First regarding the ability of borrowers to afford mortgages.

7. **WITKOWSKI** manufactured fraudulent financial statements that inflated the assets of borrowers, and he submitted the fraudulent financial statements in loan applications in order to deceive Carolina First regarding the ability of borrowers to afford mortgages.

8. **WITKOWSKI** falsely stated on residential loan applications that the property that secured the mortgage would be the primary residence of the borrower when in truth and in fact, he knew that the borrower would not occupy the property.

9. **WITKOWSKI** and others recruited and paid "straw purchasers" to buy homes at substantially inflated prices. Using inflated appraisals, **WITKOWSKI** would

2

approve mortgages for the straw purchasers for an amount far greater than the property was worth.

10. After the properties were "flipped" and sold to straw purchasers at inflated prices, **WITKOWSKI** would use the difference between the inflated mortgage proceeds and the actual value of the property to pay the straw purchasers, to make the mortgage payments for a limited period, and to pay himself and others kickbacks.

11. As a result of the conspiracy to commit bank fraud, Carolina First and other financial institutions lost between $2.5 and $7 million.

## OVERT ACTS

12. In furtherance of the conspiracy and to effect its objects, the following overt acts were committed in the District of South Carolina:

a. In or about November 2006, **WITKOWSKI** received a $40,244 kickback for the sale of a home to D.C.

b. In or about November 2006, **WITKOWSKI** received a $40,497 kickback for the sale of a home to F.H.

c. In or about December 2006, **WITKOWSKI** received an $82,000 kickback for the sale of a home to G.L.

d. In or about January 2007, **WITKOWSKI** received a $73,000 kickback for the sale of a home to G.L.

e. In or about January 2007, **WITKOWSKI** received a $50,000 kickback for the sale

3

of a home to A.C.

f. In or about February 2007, **WITKOWSKI** received a $121,423 kickback for the sale of a home to D.C.

g. In or about May 2007, **WITKOWSKI** received a $78,364 kickback for the sale of a home to C.M.

h. In or about August 2007, **WITKOWSKI** received a $10,000 kickback for the sale of a home to D.J.

All in violation of Title 18, United States Code, Section 1349.

## FORFEITURE ALLEGATIONS

1. Upon conviction for a violation of Title 18, United States Code, Section 1349 as charged in this Information, the Defendant, **BLAIR WITKOWSKI** shall forfeit to the United States any property, real or personal, which constitutes or is derived from any proceeds the Defendant obtained, directly or indirectly, as the result of such violation, and any property traceable to such property.

2. Pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2), and 28 U.S.C. 2461(c), the property which is subject to forfeiture upon conviction of the Defendant for the violation charged in this INFORMATION includes, but is not limited to, the following:

   a. Proceeds:

   The sum of $6,764,652.00 in United States currency, and all interest and proceeds traceable thereto, in that such sum in the aggregate

constitutes proceeds the Defendant obtained, directly or indirectly, as the result of his violation of 18 U.S.C. §§ 1349 as charged in the Information;

3. If any of the property described above, as a result of any act or omission of the Defendant:

    (1) cannot be located upon the exercise of due diligence;

    (2) has been transferred or sold to, or deposited with, a third party;

    (3) has been placed beyond the jurisdiction of the Court;

    (4) has been substantially diminished in value; or

    (5) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the said Defendant up to the value of the forfeitable property described above.

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C), and 982(a)(2); and Title 28, United States Code, Section 2461(c).

WILLIAM NETTLES (MRD)
UNITED STATES ATTORNEY

5