IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No: 9:10-817 |
| | ) | |
| vs. | ) | |
| | ) | **PLEA AGREEMENT** |
| **BLAIR WITKOWSKI** | ) | |

### General Provisions

This PLEA AGREEMENT is made this 27th day of September, 2010, between the United States of America, as represented by United States Attorney WILLIAM N. NETTLES, Assistant United States Attorney Rhett DeHart; the Defendant, **BLAIR WITKOWSKI**, and Defendant's Attorney, E. Bart Daniel, Esquire.

IN CONSIDERATION of the mutual promises made herein, the parties hereto agree as follows:

1. The Defendant, **BLAIR WITKOWSKI**, agrees to waive Indictment and arraignment, and plead guilty to an Information, which charges Conspiracy to Commit Bank Fraud, a violation of Title 18, United States Code, Section 1349. In order to sustain its burden of proof as to this offense, the Government is required to prove the following:

    From in or about 2005 through 2008, in the District of South Carolina, the Defendant did the following:

    (A) entered into an agreement to commit bank fraud;

    (B) willingly participated in the agreement; and

    (C) an overt act was committed by one of the defendants in furtherance of the agreement.

    The maximum penalty for this offense is 30 years imprisonment, a $1 million fine, 5

years supervised release, and a $100 special assessment.

2. The Defendant agrees to provide detailed financial information to the United States Probation Office prior to sentencing. The Defendant understands and agrees that monetary penalties [i.e., special assessments, restitution, fines and other payments required under the sentence] imposed by the Court are due immediately and subject to enforcement by the United States as civil judgments, pursuant to 18 U.S.C. § 3613. The Defendant also understands that payments made in accordance with installment schedules set by the Court are minimum payments only and do not preclude the government from seeking to enforce the judgment against other assets of the defendant at any time, as provided in 18 U.S.C. §§ 3612, 3613 and 3664(m).

The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Responsibility Program if sentenced to a term of incarceration with an unsatisfied monetary penalty. The Defendant further understands that any monetary penalty imposed is not dischargeable in bankruptcy.

    (A) <u>Special Assessment:</u> Pursuant to 18 U.S.C. § 3013, the Defendant must pay a special assessment of $100.00 for each felony count for which he is convicted. This special assessment must be paid at or before the time of the guilty plea hearing.

    (B) <u>Restitution:</u> The Defendant agrees to make full restitution under 18 U.S.C. § 3556 in an amount to be determined by the Court at the time of sentencing, which amount is not limited to the count to which the Defendant pled guilty, but will include restitution to each and every

       identifiable victim who may have been harmed by his scheme or pattern of criminal activity, pursuant to 18 U.S.C. § 3663. The Defendant agrees to cooperate fully with the government in identifying all victims.

  (C)   <u>Fines:</u> The Defendant understands that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572.

3. The Defendant understands that the matter of sentencing is within the sole discretion of the Court and that the sentence applicable to Defendant's case will be imposed after the Court considers as advisory the United States Sentencing Commission Guidelines, Application Notes and Policy Statements, as well as the factors set forth in Title 18, United States Code, Section 3553(a). The Defendant also understands that Defendant's sentence has not yet been determined by the Court, and that any estimate of a probable sentencing range Defendant may have received from Defendant's attorney, the Government or the United States Probation Office is only a prediction, not a promise, and is not binding on the Government, the Probation Office, or the Court. The Defendant further understands that the Government retains the right to inform the Court of any relevant facts, to address the Court with respect to the nature of the offense, to respond to questions raised by the Court, to correct any inaccuracies or inadequacies in the presentence report, to respond to any statements made to the Court by or on behalf of the Defendant and to summarize all evidence which would have been presented at trial to establish a factual basis for the plea.

4. The Defendant agrees that all facts that determine his offense level under the Guidelines (including facts that support any specific offense characteristic or other enhancement or

adjustment) can be found by the Court at sentencing by a preponderance of the evidence standard, and the Court may consider any reliable evidence, including hearsay. By executing this Agreement, the Defendant understands that he waives any argument that facts that determine his offense level under the Guidelines should be alleged in an indictment or information and found by a jury beyond a reasonable doubt.

5. The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with the terms and conditions of any bond executed in this case.

6. In the event that the Defendant fails to comply with any of the provisions of this Agreement, either expressed or implied, it is understood that the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw his plea of guilty to the offense enumerated herein.

7. The Defendant agrees to be fully truthful and forthright with federal, state and local law enforcement agencies by providing full, complete and truthful information about all criminal activities about which he has knowledge. The Defendant must provide full, complete and truthful debriefings about these unlawful activities and must fully disclose and provide truthful information to the Government including any books, papers, or documents or any other items of evidentiary value to the investigation. The Defendant must also testify fully and truthfully before any grand juries and at any trials or other proceedings if called upon to do so by the Government, subject to prosecution for perjury for not testifying truthfully. The failure of the Defendant to be fully truthful and

forthright at any stage will, at the sole election of the Government, cause the obligations of the Government within this Agreement to become null and void. Further, it is expressly agreed that if the obligations of the Government within this Agreement become null and void due to the lack of truthfulness on the part of the Defendant, the Defendant understands that:

(A) the Defendant will not be permitted to withdraw his plea of guilty to the offenses described above;

(B) all additional charges known to the Government may be filed in the appropriate district;

(C) the Government will argue for a maximum sentence for the offense to which the Defendant has pleaded guilty; and

(D) the Government will use any and all information and testimony provided by the Defendant in the prosecution of the Defendant of all charges.

8. The Government agrees that any self-incriminating information provided by the Defendant as a result of the cooperation required by the terms of this Agreement, although available to the Court, will not be used against the Defendant in determining the Defendant's applicable guideline range for sentencing pursuant to the U.S. Sentencing Commission Guidelines. The provisions of this paragraph shall not be applied to restrict any such information:

(A) known to the Government prior to the date of this Agreement;

(B) concerning the existence of prior convictions and sentences;

   (C) in a prosecution for perjury or giving a false statement; or

   (D) in the event the Defendant breaches any of the terms of the Plea Agreement.

9. Provided the Defendant cooperates pursuant to the provisions of this Plea Agreement, and that cooperation is deemed by the Government as providing substantial assistance in the investigation or prosecution of another person who has committed an offense, the Government agrees to move the Court for a downward departure or reduction of sentence pursuant to United States Sentencing Guidelines §5K1.1, Title 18, United States Code, § 3553(e) or Federal Rule of Criminal Procedure 35(b). The Defendant further understands that any such motion by the Government is not binding upon the Court, and should the Court sentence the Defendant within the Guidelines, to the maximum penalty prescribed by law or refuse to reduce the sentence imposed, the Defendant will have no right to withdraw his plea.

10. The Defendant understands and agrees that by pleading guilty to an offense involving dishonesty or a breach of trust, or money-laundering, as set forth in 12 U.S.C. §§ 1785 and 1829, the Defendant is prohibited from controlling or participating, directly or indirectly, in the conduct of affairs of any federally-insured bank or credit union, and is prohibited from serving as any director, officer, employee, agent, controlling stockholder, or other institution-affiliated party of any federally-insured bank or credit union without prior written consent pursuant to federal law.

11. The Defendant represents to the Court that he has met with his attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case

and receive advice; that the Defendant has been truthful with his attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and his attorney have discussed possible defenses, if any, to the charges in the Indictment including the existence of any exculpatory or favorable evidence or witness, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to confront and cross-examine the government's witnesses, the Defendant's right to testify in his own behalf, or to remain silent and have no adverse inferences drawn from his silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to his Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

12. The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

9-27-2010
DATE

_____
BLAIR WITKOWSKI, Defendant

-7-

9/27/10
DATE

E. Bart Daniel
Attorney for the Defendant

WILLIAM N. NETTLES
UNITED STATES ATTORNEY

9/27/10
DATE

BY: 
Rhett DeHart
Assistant U. S. Attorney